[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 07, 2007
THOMAS K. KAHN
CLERK

No. 06-14790
Non-Argument Calendar

_____

D. C. Docket No. 04-20537-CV-AJ

STADIUM BOOK & VIDEO, INC.,
a Florida Corporation,
AAPG, INC.,
a Florida Corporation,
d.b.a. MEGAPLEXXX,
VIDEO WAREHOUSE, INC.,

Plaintiffs-Appellants,

versus

MIAMI-DADE COUNTY, FLORIDA,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

No. 06-14792
Non-Argument Calendar

_____

D. C. Docket  No. 04-20553-CV-AJ

AAPG, INC.,
a Florida corporation,
d.b.a. MEGAPLEXXX,

Plaintiff-Appellant,

versus

MIAMI-DADE COUNTY, FLORIDA,
a political subdivision of the
State of Florida,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

**(November 7, 2007)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Three adult bookstores brought suit against Miami-Dade County (the "County") attacking the constitutionality of a County ordinance, which requires that all video booths inside adult book and video stores have a permanently open entranceway or doorway.

In a detailed 61-page order, the district court granted the County's motion for summary judgment and denied the plaintiffs' motion for partial summary judgment.

We review a district court's grant of summary judgment *de novo*. *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1138 (11th Cir. 2005), *cert. denied*, 546 U.S. 1170, 126 S. Ct. 1318 (2006).

After reviewing the record and reading the parties' briefs, we affirm the district court's grant of summary judgment in favor of the County based on its well-reasoned and thorough 61-page order. We agree with the district court that Ordinance 96-13 is a proper time, place, and manner regulation, and not a total ban on speech, because it does not prohibit the viewing of sexually explicit materials, but instead, regulates the manner in which such materials must be viewed. We also agree with the district court that in enacting Ordinance 96-13 the County had before it sufficient evidence reasonably relevant to combat the spread of AIDS and STDs, which was the stated purpose of Ordinance 96-13.

In conclusion, because we find no merit to any of the arguments plaintiffs make in this appeal, we affirm the district court's final judgment entered in favor of the County.

**AFFIRMED.**